J-S85040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN LARKIN, | : | |
| | : | |
| Appellant | : | No. 1471 EDA 2016 |

Appeal from the PCRA Order entered April 8, 2016
in the Court of Common Pleas of Chester County,
Criminal Division, No(s):  CP-15-CR-0002828-1999,
CP-15-CR-0002829-1999, CP-15-CR-0002830-1999,
CP-15-CR-0003263-1999, CP-15-CR-0003264-1999

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 14, 2017**

Kevin Larkin ("Larkin") appeals, *pro se*, from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 11, 1999, the West Whiteland Police Department received a report of a rape of an 88-year-old woman.  Larkin was identified as a suspect following an investigation.  Several days later, Larkin attended an Alcoholics Anonymous meeting, and during a private conversation with his sponsor, Larkin admitted to entering an elderly female's home and sexually assaulting her.  Larkin's sponsor reported the conversation to the police, and the police obtained authorization to record a subsequent conversation between Larkin and his sponsor.  During an interview, Larkin admitted to police that he was the perpetrator of several similar incidents in the area.

On January 11, 2000, Larkin entered negotiated pleas of *nolo contendere* to rape, and guilty but mentally ill to five counts of burglary, one count of attempted aggravated indecent assault, and three counts of indecent exposure.[1]  ***See*** 18 Pa.C.S.A. §§ 3121, 3502, 901, 3125, 3127. Pursuant to Larkin's plea agreement, the trial court sentenced Larkin to an aggregate prison term of 15 to 30 years, followed by 20 years of probation. Larkin did not file a direct appeal.

Larkin filed the instant PCRA Petition on September 4, 2015.  The PCRA court appointed Larkin counsel, who subsequently filed a Petition to Withdraw and a ***Turner/Finley***[2] "no-merit" letter.  The PCRA court granted the Petition to Withdraw.  The PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, to which Larkin, *pro se*, filed a Response.  Following an evidentiary hearing, the PCRA court dismissed Larkin's Petition as untimely filed.  Larkin filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Larkin raises the following question for our review:  "Did [the PCRA court] err[] in denying [Larkin's PCRA Petition]?"  Brief for Appellant at 4.

---

[1] Larkin was charged for separate incidents on five dockets, which were consolidated for sentencing purposes.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Larkin's judgment of sentence became final in February 2000, when the time for filing a direct appeal expired. Thus, Larkin had until February 2001 to file a timely petition. Because Larkin filed the instant Petition in September 2015, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these

- 3 -

exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Larkin argues that the PCRA court erred in dismissing his Petition, and offers three sub-issues for our consideration. In his first sub-issue, Larkin points to the United States Court of Appeals for the Second Circuit's decision in *Cox v. Miller*, 296 F.3d 89 (2d Cir. 2002)[3] as a newly-discovered fact, and asserts that the recorded conversation with his Alcoholics Anonymous sponsor should have been suppressed as a confidential communication. Brief for Appellant at 8-10. Larkin claims that his admissions are protected by the clergy-communicant privilege because he spoke to his sponsor for the purpose of "spiritual guidance." *Id.* at 8-9.

Initially, the *Cox* decision does not support Larkin's position, as the Second Circuit held that the cleric-congregant privilege does *not* protect statements made to fellow members of Alcoholics Anonymous. *See Cox*, 296 F.3d at 112-13. Additionally, judicial decisions cannot "be considered newly-discovered facts which could invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Moreover, Larkin failed to file his Petition within sixty days of July 17, 2002, the date that *Cox* was decided. *See* 42 Pa.C.S.A.

---

[3] In *Cox*, the Second Circuit held that New York's cleric-congregant privilege does not protect statements made to fellow members of Alcoholics Anonymous. *Cox*, 296 F.3d at 112-13.

- 4 -

§ 9545(b)(2). Therefore, Larkin has failed to plead and prove the newly-discovered facts exception to the PCRA's timeliness requirement.

In his second sub-issue, Larkin attempts to invoke the newly-recognized constitutional right exception based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013).[4] Brief for Appellant at 10-11. Larkin argues that his sentence is illegal based upon **Alleyne** because he was subject to a mandatory minimum sentence.[5] **Id.** at 11.

Here, Larkin filed the instant PCRA Petition in September 2015, well over sixty days after June 17, 2013, the date that **Alleyne** was decided. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Larkin had properly invoked the exception at section 9545(b)(1)(iii), the rule in **Alleyne** does not apply retroactively where the

---

[4] In **Alleyne**, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. **Id.** at 2156.

[5] Larkin does not allege what mandatory sentence he purportedly received. In its Opinion, the PCRA court states that Larkin was not subject to a mandatory minimum sentence because he "packaged a number of cases into a global sentence" when he entered a negotiated plea, and "[t]he jail component [of Larkin's sentence] was split between two counts that easily facilitated the agreed upon term." PCRA Court Opinion, 4/8/16, at 4.

judgment of sentence is final. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively where the judgment of sentence has become final); **see also id.** (stating that "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies" (citation, brackets, and ellipses omitted)). Accordingly, Larkin has failed to plead and prove the newly-recognized constitutional right exception to the PCRA's timeliness requirement.

Larkin raises a third sub-issue, which does not implicate an exception to the PCRA's timeliness requirement, and which is waived as a result of Larkin's failure to preserve the claim in his court-ordered Rule 1925(b) Concise Statement. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").

Because Larkin failed to successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, we cannot address the merits of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 2/14/2017